# 24-3186-cv

## United States Court of Appeals

*for the*

## Second Circuit

DAVID VANN, by guardian of his person and property Diana Vann,

*Plaintiff-Appellee,*

– v. –

CITY OF ROCHESTER, a municipal entity, POLICE OFFICER MATTHEW DRAKE, IBM #1956, POLICE OFFICER STEVEN MITCHELL, IBM #2134,

*Defendants-Appellants,*

INVESTIGATOR JEFFREY KESTER, IBM #2230, POLICE OFFICER CHRISTOPHER J. BARBER, IBM #1949, POLICE OFFICER DAVID E. KEPHART, IBM #2074, INVESTIGATOR TOMESHA ANGELO, IBM #1665,

*(For Continuation of Caption See Inside Cover)*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

### REPLY BRIEF FOR DEFENDANTS-APPELLANTS

JOHN M. CAMPOLIETO
OFFICE OF THE CORPORATION COUNSEL
 CITY OF ROCHESTER
*Attorneys for Defendants-Appellants*
30 Church Street, Suite 400A
Rochester, New York 14614
(585) 428-7410

TECHNICIAN STEPHANIE MINTZ, IBM #2496, SERGEANT DANIEL J. ZIMMERMAN, IBM #295, POLICE OFFICERS "JOHN DOES 1-6", (whose names are currently unknown, but who are described in the complaint and in pictures attached to the complaint as exhibits), POLICE OFFICERS "JOHN DOES 7-12", (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department, SERGEANT JEFFREY LAFAVE II, IBM #1634, POLICE OFFICER ADAM BRODSKY, IBM #2478, POLICE OFFICER TIMOTHY DEMPSEY, IBM #2122, INVESTIGATOR CHRISTOPHER MUSCATO, IBM #1331, CAPTAIN GARY MOXLEY, POLICE OFFICER ANGEL PAGAN, IBM #2421, POLICE OFFICER ERIC MCGRAW, IBM #2131, SERGEANT JOSEPH LAIOSA, IBM #1180, COUNTY OF MONROE, SANDRA DOORLEY, individually and as District Attorney of the County of Monroe, MICHAEL HARRIGAN, as an employee of the Monroe County District Attorney's Office and individually, POLICE OFFICERS "JOHN DOES 1-10", (whose names are currently unknown) and other unidentified members of the Rochester Police Department,

*Defendants.*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

REPLY BRIEF STATEMENT ............................................................................. 1

REPLY ARGUMENTS ........................................................................................ 2

    I.      INTERLOCUTORY APPEAL IS PROPER ........................................ 2

           A.     The August 28, 2024 Decision and Order is a Final Decision ............................................................................................ 2

           B.     FRCP §54(b) Certification is not Applicable ........................... 5

           C.     Preservation of their Qualified Immunity Defense was affirmatively sought by Defendants ............................................. 6

    II.     THE DEFENSE OF QUALIFIED IMMUNITY WAS NOT ADDRESSED BY THE TRIAL COURT ......................... 7

           A.     THE OFFICERS' CONDUCT DID NOT VIOLATE CLEARLY ESTABLISHED LAW ........................................... 7

           B.     Defendants were Reasonable in their Actions in Arresting Plaintiff ....................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Ashcroft v. Iqbal*,
 556 U.S. 642 (2009) .................................................................................5

*Britt v. Garcia, et al.*,
 475 F.3d 264 (2d Cir. 2015) ......................................................................3

*Davis v. City of New York*,
 2018 WL 10070503 ...................................................................................6

*Graham v. Connor*,
 490 U.S. 386 (1989) ..............................................................................1, 5

*Johnson v. Jones*,
 515 U.S. 304 (1995) .................................................................................5

*Lennon v. Miller*,
 66 F.3d 416 (2d Cir. 1995) ........................................................................7

*Mitchell v. Forsyth*,
 472 U.S. 511 (1985) ................................................................... 3, 5, 6, 8

*Naumovski v. Norris*,
 934 F.3d 200 (2d Cir. 2019) ......................................................................7

*Pacific Capital Bank, N.A. v. Connecticut.*,
 542 F.3d 341 (2d Cir. 2008) ......................................................................2

*Robison v. Via*,
 821 F.2d 921 (2d Cir. 1987) ......................................................................8

*Salim v. Proulx*,
 84 F.3d 86 (2d Cir. 1996) ..........................................................................4

*Salim v. Proulx*,
 93 F.3d 86 (2d. Cir. 1996) .......................................................................10

*Sears, Roebuck & Co. v. Mackey*,
 351 U.S. 427 (1956) .................................................................................5

*Weyant v. Okst*,
 101 F.3d 845 (2d Cir.1996) ......................................................................8

*White v. Pauly*,
 580 U.S. 73 (2017) ..........................................................................................7

*Williams v. Ont. County Sheriff's Dep't*,
 662 F. Supp. 2d. 321 (W.D.N.Y, 2009) ................................................................7

**Statutes & Other Authorities:**

28 U.S.C. § 1291 ..............................................................................................3

28 U.S.C. § 1292 ..............................................................................................5

28 U.S.C.A. § 1291 ..........................................................................................2

Fed. R. Civ. P. § 54(b) ....................................................................................5

## REPLY BRIEF STATEMENT

Defendants appealed the summary judgment decision of the district court by way of a proper interlocutory appeal. (A-873).                                n granted partial summary judgment to Plaintiff on specific force actions of Officers Mitchell and Drake, ruling that those actions were excessive. The court ruled that the video depicting those actions clearly excessive force but ignored Defendants affirmative defense of Qualified Immunity. (A-702-721). This decision and the current appeal was based on the law of Qualified Immunity and the review standard of excessive force under *Graham v. Connor, 490 U.S. 386 (1989).*

In *Graham,* the Supreme Court stated that police officers conduct cannot be judged by sitting back and second-guessing, determining correct amount of force requires viewing it from the perspective of a reasonable officer in the situation. Qualified immunity must be considered if determined that conduct was improper.

The Court, in not addressing the officers Qualified Immunity defense, allowed this Interlocutory Appeal as proper in the Second Circuit. (A-702-721). Of greater importance, and relevant to the defense of qualified immunity, the Defendant Rochester Police Officers believed they were using reasonable force to prevent further harm to themselves and the individuals around the area they were attempting to arrest plaintiff. The Defendant Officers believed the force used to arrest the plaintiff prevented further harm to themselves and the plaintiff. During

the arrest two of the three present police officers were disabled in the attempted arrest, leaving only one able-bodied officer to complete the arrest of the continually resisting plaintiff. (A-483-489).

Additionally, and improperly, Plaintiff raises issues regarding the properness of this Interlocutory appeal.

Brief and were instead raised anew and sua sponte by the Appellee. This Court has stated that an Appellee need not cross appeal in order to advance any theory in support of the judgment below that has a foundation in the record. But, an Appellee may not advance a theory that challenges some aspect of the lower

-appealing. *Pacific Capital Bank, N.A., v. Connecticut. 542 F.3d 341 (2nd Cir. 2008).*

## REPLY ARGUMENTS

**I.    INTERLOCUTORY APPEAL IS PROPER**

**A. The August 28, 2024 Decision and Order is a Final Decision**

pursuant to the *Federal Rules of Civil Procedure, 28 U.S.C.A §1291*. This Rule states that the Court of Appeals for the Circuits shall have jurisdiction from all final decisions of the district courts of the United States. As plaintiff argues,

nal

*28 U.S.C.A §1291*.

However, the Supreme Court states clearly, in *Mitchell v. Forsyth, 472 U.S. 511(1985),* that that a District Court's denial of a claim of qualified immunity, to the meaning of <u>28 U.S.C. § 1291</u> notwithstanding the absence of a final judgment.

In this case, Qualified Immunity was denied as a defense which was clearly raised in the defense of summary judgment. Qualified Immunity was not raised through motion for summary judgment, but instead was raised as a Defense to summary judgment. The defense/issue of Qualified Immunity was not directly stated by the Court nor was it ruled upon by this Court in the August 28, 2024 Decision and Order, and thus it finally determined the case against the two City Defendants-Mitchell and Drake. (A-702-721).

*Britt v. Garcia, et al., 475 F.3d 264 (2d Cir. 2015).* In the *Britt* case, the Court stated that to be appealable immediately, Qualified Immunity must present a legal issue that can be decided with reference only to undisputed facts and in isolation from the remaining issues of the case. Though the Court declined jurisdiction in the *Britt* case, the declination was due to the attempted appeal based on a factual decision, unlike here, where

3

there was an absence of discussion on the law of Qualified Immunity in issuing a clear final decision.

The Second Circuit has stated that an interlocutory appeal is available to challenge a decision, rejecting a Qualified Immunity defense, where a defendant contends on any facts favorable for the plaintiff, that the question of law (in this matter the objective reasonableness test) if officers of reasonable competence could disagree on the legality of the defendants actions. *Salim v. Proulx, 84 F.3d 86 (2nd Cir. 1996).* Here, the defense of Qualified Immunity was not raised affirmatively in Defendants' motion for summary judgment, as discovery had not

summary judgment. A defense to the alleged actions of Mitchell and Drake in subduing and handcuffing of the plaintiff, and in particular concern to the actions of Drake in assisting Mitchell, who he only witnessed struggling in arresting plaintiff.

The facts in this matter were wholly determined by the lower court in the review of the video tape. This is normally the province of the jury, but determined by the Court in this case. The factual determination has been taken away from the potential jury at trial but this appeal is not based on any factual determination. (A-702-721). In this appeal, the Defendants are appealing the failure of the lower

4

Qualified Immunity arguments and the proper review of excessive force pursuant to *Graham, 490 U.S. 386 (1989)*.

### B. FRCP §54(b) Certification is not Applicable

In this matter, Federal Rule of Civil Procedure §54(b) is inapplicable as the issue here is the jurisdiction of the Second Circuit of an interlocutory appeal stemming from the denial of the Qualified Immunity defense and the subset of rules delineated by the aforementioned Supreme Court line of cases *Mitchell v. Forsyth, 472 U.S. 511(1985), Johnson v. Jones, 515 U.S. 304 (1995) and Ashcroft v. Iqbal, 556 U.S. 642 (2009)*. The *Sears* decision, cited by the plaintiff, is clear that certification under §54(b) is a judicial discretionary tool of the district courts for purposes other than an interlocutory appeal on the denial of Qualified Immunity and is not applicable in the appealabilty issue in this matter. *Sears, Roebuck & Co. v. Mackey, 351 U.S. 427 (1956)*.

Likewise, 28 U.S.C. §1292 W]hen a district judge, in making a civil action order, not otherwise appealable under this

appealabilty of this Decision and Order falls under other factors and the analysis applicable.

5

### C. Preservation of their Qualified Immunity Defense was affirmatively sought by Defendants

As a starting point, the defense of qualified immunity is integral to the standard for whether and interlocutory appeal can be made on a final decision on partial motion for summary judgment. The Court in *Mitchell v. Forsyth, 472 U.S. 511(1985),* stated that a district court's order denying a

i.e., , where (1) the defendant was a public official

concerned, not which facts the parties might be able to prove, but, rather,

law. *Mitchell v. Forsyth 472 U.S., 511, 528 (1985).* The decision by the United States District Court for the Southern District of New York in *Davis v. City of New York, 2018 WL 10070503* did not contradict the *Mitchell* decision nor state a rule that an affirmative motion for Qualified Immunity must be made to be appealable. In fact, there was a threshold motion made by the plaintiff and an assertion of the Qualified Immunity defense as dictated in the decision. (A-702-721).

## II. THE DEFENSE OF QUALIFIED IMMUNITY WAS NOT ADDRESSED BY THE TRIAL COURT

The Defendants-officers argue that they are entitled to Qualified Immunity, and included the doctrine as an affirmative defense in its Answers and as a specific defense in their response to Summary Judgment. The doctrine states that police officers are privileged in their law enforcement capacity and permitted to stop, investigate and arrest with probable cause under valid law enforcement purposes.

conduct did not violate clearly established law, or (2) it was objectively reasonable *Naumovski v. Norris*, 934 F.3d 200, 210 (2d Cir. 2019). Clearly established law must be

officer acting under similar circumstances had violated the Constitution. White v. Pauly, 580 U.S. 73, 793 (2017) *Id.* at 793.

### A. THE OFFICERS' CONDUCT DID NOT VIOLATE CLEARLY ESTABLISHED LAW.

qualified immunity under the objectively

*Williams v. Ont. County Sheriff's Dept*, 662 F. Supp. 2d. 321, 332 (W.D.N.Y, 2009) citing *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995). Because qualified immunity is an immunity from suit rather than a mere

7

defense to liability . . . it is effectively lost if a case is erroneously permitted to go to

*Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).* availability of the

defense depends on whether a reasonable officer could have believed his action to

be lawful, in light of clearly established law and the information he

*Weyant v. Okst*, 101 F.3d 845, 858 (2d Cir.1996).

rights were clearly established at the time of the alleged violation, an Officer may nonetheless enjoy qualified immunity if it was objectively reasonable for him to believe that his actions did not violate those rights. *Robison v. Via*, 821 F.2d 921 (2d Cir.1987).

    One issue, present at this arrest, at all times, was that Officer Mitchell, though not specifically reiterated through the course of a deposition or trial testimony, determined that he was in fear and alarmed by the fact that the subject was reaching for his waist band where subjects are commonly known to keep and store weapons. Compounded by the fact that at most times during this interaction, Officer Mitchell was alone with the subject, one on one, while the suspect was continually resisting. The defendant officers should be able to use the defense of Qualified Immunity, because at the time of the challenged arrest, it was objectively reasonable for them

(A-337-401).

    It is undisputed that the officers believed that they had a right to arrest Plaintiff

8

for trespassing as he would not leave the premises when lawfully ordered to do so, and, as such, they should have a right to arrest and take custody of the Plaintiff at that time without resistance.

**B. Defendants were Reasonable in their Actions in Arresting Plaintiff**

It must be summarized clearly that, for the multiple excessive force claims, including and especially the assistance of Officer Drake to Officer Mitchell, to bring Plaintiff to the ground, the following factors should apply:

- The Officers deemed the Plaintiff a threat due to the fact that the Plaintiff was resisting arrest and at times Officer Mitchell was one on one with the Plaintiff. (A-330-332), (A-333-336) (A-337-402)(A-493   537).

- been properly secured or at least the Plaintiff was not secure, nor was he complying.   (A-330-332), (A-333-336) (A-337-402)(A-493   537).

- One officer was incapacitated at the start of the arrest and another officer would be incapacitated when they went to the ground after plaintiff had been escorted to the police car.  (A-330-332), (A-333-336) (A-337-402)(A-493   537).

- Officer Mitchell was at the point of exhaustion as he estimated that he

9

>was interacting in a struggle with Plaintiff for about (2-5 minutes). (A-330-332), (A-333-336) (A-337-402)(A-493   537).

- No defensive tactic or use of force was effective to this point in gaining control of the suspect. (A-330-332), (A-333-336) (A-337-402)(A-493   537).

- The Plaintiff had not been searched and was continually grabbing at his the waistband of his pants. (A-330-332), (A-333-336) (A-337-402)(A-493   537).

**"Even if the force (stop) is objectively unreasonable, an officer may still be eligible for qualified immunity if it was objectively reasonable for the officer to believe that [his] actions did not violate clearly established law."** Emphasis added. *Salim v. Proulx*, 93 F.3d 86, 89 (2d. Cir. 1996). It is impossible for a reasonable officer to find that the actions of the officers in this case were objectively unreasonable, using an ordinary patrol officer in similar circumstances standard. The lower court did not address the defense of qualified immunity nor provide an analysis of the mechanics of the law of qualified immunity. (A-702-721). Plaintiffs can only speculate in generalized terms about excessive force in this matter.

Accordingly, Defendants should be afforded a defense of Qualified Immunity especially for the actions of Matthew Drake, in assisting Mitchell to get the plaintiff back in custody and in control on the ground. The Defendants-Officers defensive

argument that they are immune from liability, on the excessive force causes of action, should be preserved.

Dated: July 23, 2025

        PATRICK BEATH, CORPORATION COUNSEL

        s/ John Campolieto
        BY: JOHN M. CAMPOLIETO, ESQ., of Counsel
        *Attorneys for City Defendants*
        City Hall Room 400A, 30 Church Street
        Rochester, New York 14614
        (585) 428-7410
        John.Campolieto@cityofrochester.gov

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B), the word limit of Local Rule 32.1(a)(4) (A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 2,216 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font Times New Roman.

Dated: New York, New York
       July 23, 2025